UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS ROBERT TICHICH, | Case No. 24-CV-3792 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| MINNESOTA DEPARTMENT OF CORRECTIONS and PAUL SCHNELL, commissioner, in his official capacity, | |
| Defendants. | |

Thomas Robert Tichich, pro se.

Adam E. Petras, HENNEPIN COUNTY ATTORNEY'S OFFICE; and Edwin William Stockmeyer, III and Thomas R. Ragatz, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, for defendants.

This matter is before the Court on plaintiff Thomas Tichich's objection to the October 15, 2024, Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois. Judge Brisbois recommends dismissing Tichich's habeas petition as time-barred under 28 U.S.C. § 2244(d)(1)(A). The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Tichich's objection and adopts the R&R. Only two matters merit comment:

First, in his objection, Tichich argues that the statute of limitations should be equitably tolled because his attorneys did not raise his "mutually-exclusive-verdicts claim" on direct appeal as he had asked them to do, and because his subsequent

incarceration out-of-state and during the COVID-19 pandemic "prevented him from having access to Minnesota law." ECF No. 5 at 5.

"[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Tichich would have been aware of his ineffective-assistance-of-counsel claim—that is, his appellate counsel's failure to raise the issue on direct appeal as requested—five years ago. *See* ECF No. 4 at 2 n.1. To establish a basis for equitable tolling, a petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic prevented him from filing his habeas petition. *See, e.g.*, *Wolf v. Buckner*, No. 4:23-cv-849 (RLW), 2023 WL 5289229, at *4 (E.D. Mo. Aug. 17, 2023) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Tichich fails to specifically explain how he has diligently pursued his rights since May 29, 2020, the date on which his conviction became final and the statute of limitations on his habeas petition began to run. *See* ECF No. 4 at 3. Tichich also fails to specifically explain how conditions of incarceration imposed during the pandemic prevented him from filing a timely habeas petition until October 1, 2024, more than *four years* after his conviction became final. *See, e.g.*, *Kreutzer*, 231 F.3d at 463 (collecting cases); *United States v. Haro*, No. 8:18-cr-66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020) (comparing cases). Accordingly, Tichich has failed to establish a basis for equitable tolling.

Second, Tichich suggests that the Court acting sua sponte to dismiss his claim as barred by the statute of limitations would violate Tichich's right to due process. It is true that defendants did not raise this issue themselves, and that Judge Brisbois did not give Tichich notice that he intended to recommend dismissal of Tichich's action as time-barred. But the R&R *itself* provided Tichich with notice sufficient to satisfy due process. *See, e.g.*, *Jackson v. Symmes*, No. 09-2946 (SRN/JSM), 2011 WL 1300930, at *11 n.6 (D. Minn. Jan. 18, 2011) (holding habeas petitioner's fair-notice right would "be met . . . by permitting Petitioner to present any factual or legal arguments . . . by filing objections to th[e] Court's Report and Recommendation) (collecting district and circuit court cases)), *report and recommendation adopted*, 2011 WL 1256617 (D. Minn. Apr. 4, 2011). The R&R is simply a recommendation. Tichich's claim is not dismissed until this Court dismisses it. In objecting to the R&R, Tichich had a full opportunity to address the statute of limitations. He has not been deprived of due process.

Finally, although it is not relevant to the timeliness of Tichich's habeas petition, the Court notes that the Minnesota Supreme Court has already rejected his argument that the jury's verdicts—one finding him guilty of third-degree criminal sexual conduct, and the other finding him guilty of *attempted* third-degree criminal sexual conduct—are legally inconsistent. The premise of Tichich's argument is that, if he *completed* the crime (which is necessary to be convicted of third-degree criminal sexual conduct), he could

-3-

not be convicted of merely *attempting* the crime.  But the Minnesota Supreme Court expressly rejected "Tichich's argument . . . that the jury must find that the crime was uncompleted to return a guilty verdict for attempt."  *Tichich v. State*, 4 N.W.3d 114, 123 (Minn. 2024).  Because a defendant can be convicted under Minnesota law both of attempting to commit a crime and committing that same crime, the Minnesota Supreme Court said, "it was legally consistent for the jury to find that Tichich both took a substantial step toward completing third-degree criminal sexual conduct and then completed that crime."  *Id.*

This Court is, of course, bound by the Minnesota Supreme Court's interpretation of Minnesota law, including its identification of the elements of third-degree criminal sexual conduct and attempted third-degree criminal sexual conduct.  *See Johnson v. United States*, 559 U.S. 133, 138 (2010) ("We are . . . bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements of Fla. Stat. § 784.03(2)."); *Johnson v. Fankell*, 520 U.S. 911, 916 (1997) ("Neither this Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the State.").  As a result, this Court would be required to dismiss Tichich's claim on the merits if that claim were not time-barred.

-4-

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 5] and ADOPTS the R&R [ECF No. 4].  IT IS HEREBY ORDERED THAT:

1.    Plaintiff's petition for a writ of habeas corpus [ECF No. 1] is DISMISSED WITH PREJUDICE as time-barred under 28 U.S.C. § 2244(d).

2.    No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 6, 2025                      s/Patrick J. Schiltz
                                             Patrick J. Schiltz, Chief Judge
                                             United States District Court